Justice of the Court, Kirk Kennedy, I represent Mr. Henry Tillman and Calvin Meeks, appellants. A co-counsel, Ms. Anne Tromm, represents Appellant Blank. I will attempt to divide my time with her as well. This case is an example of what happens when you rush into things and the errors that can occur. I handled the sentencing for Mr. Meeks and Mr. Tillman in the District Court last year in Las Vegas. It was at a time frame when the Blakely decision had only recently been announced, and only nine days after the sentencing, this Court announced its first decision in United States v. Ammaline, which applied Blakely to this circuit. The errors that occurred in this case that may have affected a substantial rights of the defendant center on, in part, whether the defendants had a cognizant understanding of their rights, their newfound rights, under Blakely and Ammaline to contest a sentencing enhancement by way of jury resolution in the District Court. This was the subject of some limited dialogue between myself and Justice, Judge Robert Jones, as to Blakely that had just been ruled on by the Supreme Court. It was my decision at that time to proceed forward on the record that we had, and therein lies the haste creating problems and necessitating this appeal. Well, what gives me concern in terms of Tillman and Meeks is the plea waiver. Yes, sir. Because we addressed that in Cortez-Arias in a footnote. What I read. And followed since then. And why doesn't that precedent require us to say that there's a waiver of the Blakely challenge? Two points to what I noticed from the footnote in Cortez-Arias was, one, that the plea agreement in this case did reserve the right to appeal any form of upward departure. We would submit. Upward departure. It was a de facto departure upwards with that 3B1.1C organizer leader enhancement. Yes. Which did create substantial prejudice for both clients. It increased the time they got in prison. It was not a pure upward departure in the classic sense by the District Court. But we would submit that that issue allows this appeal to go forward. And also the language from Booker, which seems to indicate that all that the ramifications of Booker would apply to those cases that are on directive review pending when that decision came out in January of this year. This case, these two cases were of that class. We would submit that the waiver was ineffective in light of Booker and in light of the fact that there was a departure, a de facto departure by Judge Jones increasing the sentencing range that they faced, which was granted in the court in this matter. Essentially, Your Honors, what we're asking the court to do in your most recent decision of Amaline, I believe the last decision, the embankment determination, this court has approved a potential use of Booker by allowing a limited remand to go back to the District Court, perhaps with specific questions for Judge Jones as to his intent. The most I can request from this court is to allow this process to occur and to remand it to Judge Jones either for a new sentencing hearing and or for a determination from the court as to whether it would have applied, the organizer-leader enhancement had the Booker decision been in place or not. And that would be the relief that I'm asking from the court at this time. I'll call counsel to speak. Thank you, Mr. Kennedy. Good morning. I'm Anne Traum, appearing on behalf of Mr. Timothy Blake. My client raised two issues on appeal. First, he contested the factual basis for his guilty plea, and second, he asked for a Booker remand. As I noted in my supplemental letter brief, he has been released at the end of September. So at this point, really our focus is just getting the Booker remand.  The other issue there is that he just has supervised release remaining, but when the court imposed sentence under the mandatory guidelines, the mandatory guidelines require that he get a term for the felonies that he pleaded guilty to of three to five years. Under the statute, there is no minimum, so the court would be free under an advisory guideline system to impose a lesser term of supervised release. In your client's case, there's no plea waiver, so we don't have that issue. Correct. So it appears to me at least presumptively, just speaking as one judge, that your client's entitled to that amyling remand. I guess we'll hear from the government on that, so you might want to reserve some time to answer them if they don't agree with that. Maybe they've agreed with that. I think they have agreed, but since I have more time, if there's no other questions, I'm happy to just let the government speak. I'll come back only if there's an issue on that. Thank you. Thank you. Mr. Dam? Good morning. May it please the Court, Mr. Kennedy and Ms. Traum. I'm Gregory Dam, representing the United States in this matter. With respect to the Tillman and Meeks case, I'd submit that these cases are governed by this Court's decision in the Cortez Arias case. I'd note from the plea agreement in both the Tillman and Meeks case, which I believe is found in our supplemental excerpts of record at page 11, line 19, the plea agreement indicates that the total offense level will be determined by the Court at the time of sentencing after an evaluation and recommendation by the United States Probation Office and may include other specific offense characteristics. Now, counsel for Mr. Meeks and Mr. Tillman tries to characterize the organizer-leader enhancement, which he refers to in his last remark as an enhancement, as an upward departure or a de facto departure. It's an enhancement. It is not an upward departure. There were no upward departures in this case. Therefore, Mr. Meeks and Mr. Tillman are bound by their plea agreement and the plea agreement waiver, and accordingly, pursuant to Cortez Arias, their cases and appeals should be dismissed. With respect to Mr. Blake, Mr. Blake apparently is not now contesting the factual basis for his guilty pleas, but is, in fact, asking for a limited remand. And I believe that we are certainly bound by this Court's decision in the Moreno-Hernandez case, and we would stipulate to a limited amulet remand in the Blake case. Okay. Other than that, I believe all of the other issues have been sufficiently covered in the briefs, and I would submit the matter. Thank you, Mr. Kennedy. Excuse me, Mr. Dunn. Mr. Kennedy, do you have anything? The only last point I would raise very briefly. Under the Cortez Arias, it seems as though the language in that case indicates that if one of the allegations is whether or not there was any breach of the plea agreement by the government, it may be a factor for consideration. The plea agreement in this case was silent as to the leadership enhancement. If I quoted it correctly, we agreed to disagree on that point. The plea agreement says the total offense level will be determined by the court after an evaluation and recommendation by the probation office and may include other specific offense characteristics. Certainly. Standard language for every plea agreement in the District of Nevada and probably throughout the country. We would contend that the government's argument in favor of the leadership enhancement, despite the plea agreement itself, is something that would justify consideration in this court under the Cortez Arias under that footnote 8. And so your position is that the government's argument for that is equivalent to a breach of the plea agreement? That's the argument that I'm making here. Nothing personal, Mr. Dunn. I've known her for years. Well, Booker came down. Typical to read Booker and then Cortez Arias comes kind of out of maybe not expected territory. But it doesn't really leave you any room unless this is either an upward departure or there's a breach of the plea agreement, right? That would appear to be the only avenues under Cortez. Those theories. Very well. I would thank you both for your time. Roll for your time. Okay. Mr. Dunn, I take it you don't have anything that you need to say. So that being the case, the matter just argued will be submitted. Thank you.
judges: Noonan, Rymer, Gould